NOLAND ET AL., APPELLANTS, *v.* CITY OF SHARONVILLE ET AL., APPELLEES.

[Cite as Noland v. City of Sharonville, 4 Ohio App. 2d 7.]

(No. 9317—Decided March 9, 1964.)

*Mr. Dan A. Scarberry,* for appellants.
*Mr. Robert W. Rack,* for appellees.

HILDEBRANT, J. This is an appeal from the Common Pleas Court of Hamilton County, in a declaratory judgment action seeking to test the validity and constitutionality of Chapter 745 (Sections 745.01 through 745.08) of the Ordinances of the City of Sharonville, Ohio, relating to trailers and trailer parks.

Chapter 745 is a bit of comprehensive, lengthy, detailed legislation upon the subject, defining the terms, "trailer," and

"trailer camp," and requiring licensing and inspection fees; prescribes safety and sanitary regulations in detail; includes zoning regulations; provides for the keeping of records; gives the municipal officers a right of entry for inspection; and provides for revocation of the license by the mayor in case inspection reveals any deviation from compliance with any of the provisions of Chapter 745 or any other ordinance of the city.

The city relies on Section 3, Article XVIII of the Constitution of Ohio (the home-rule amendment), as it has been interpreted, to sustain the validity of Chapter 745.

The plaintiffs, appellants herein, claim Chapter 745 to be in conflict with the Revised Code of Ohio and, in addition, to be unreasonable, arbitrary, discriminatory and, hence, unconstitutional and void.

The judgment appealed from declared certain provisions in the ordinances, to-wit, Section 745.04 (C), subdivision (I i) and subdivision (J) 7, to be unconstitutional and invalid, with which declaration we agree, and, except as noted, the balance of Chapter 745 of the ordinances to be constitutional and valid, with which declaration we do not agree.

Similar legislation was upheld in the case of *Stary* v. *City of Brooklyn*, 162 Ohio St. 120, decided July 7, 1954, generally cited as the law on this subject, and with which decision as of that date we have no quarrel. At page 129, the court said:

"The statute in question does not purport to vest in the board of health the sole right to assess a license fee and it does not deny to the municipality the right to assess such a fee."

On page 131, the court concluded:

"We conclude that the city ordinance does not permit or provide for licensing that which the statutes forbid and prohibit, nor does it forbid or prohibit that which the statutes permit. The ordinance is not in conflict with the statutes and can not be successfully attacked upon that ground."

Subsequent to decision of the *Stary case, supra,* the General Assembly made trailers and trailer parks the subject of state-wide uniform control. Section 4503.04 (C), Revised Code, levies a license tax on house trailers as motor vehicles, and provides in part:

"For each house trailer and each travel trailer, five dollars."

Section 4503.06, Revised Code, taxes house trailers and provides:

"(A) All house trailers in this state on the first day of January, except as otherwise provided, are subject to an annual tax, payable by the owner, for the privilege of using or occupying a house trailer in this state. The tax as levied in this section is for the purpose of supplementing the general revenue funds of the local sub-division in which the house trailer has its situs pursuant to this section.

" * * *

"(J) * * * The taxes levied and revenues collected under this section shall be in lieu of any general property tax and any tax levied with respect to the privilege of using or occupying a house trailer in Ohio except as provided in Sections 4503.04 and 5741.02 of the Revised Code."

Section 3733.01 *et seq.*, Revised Code, provide for regulation licensing and fees therefor for trailer parks, and Section 3733.07, Revised Code, provides:

"Fees authorized or charged at the rate provided under Section 3733.04 of the Revised Code, shall be in lieu of all license and inspection fees on or with respect to the operation or ownership of trailer parks or ports within this state."

In addition, Section 3733.06, Revised Code, provides:

"Upon a license being issued under Sections 3733.03 to 3733.05, inclusive, of the Revised Code, any park operator shall have the right to rent or use each trailer lot or space for parking of a house trailer or trailers to be used for human habitation without interruption for any period coextensive with any license or consecutive licenses issued under Sections 3733.03 to 3733.05, inclusive, of the Revised Code."

The quoted sections, contrary to the facts of the *Stary case*, as quoted *supra*, do purport to vest in the state the sole right to assess a license fee and thereby prohibit the municipality from doing so.

The state having pre-empted the field of taxation as to the licensing of individual house trailers and trailer camps, the city cannot impose an occupation or excise tax for the same privilege.

In *State, ex rel. McElroy, Atty. Genl.,* v. *City of Akron,* 173 Ohio St. 189, at page 193, the court said:

"* * * The inclusion of the prohibition against any other charge is, of course, for the purpose of preventing the subdivision from imposing a license fee under some other guise." The prohibition in this instance is contained in Section 3733.07, Revised Code, *supra.*

Section 3733.02, Revised Code, provides for regulations of general application throughout the state promulgated by the Public Health Council of the state, which regulations are administered by the board of health of each county. The Public Health Council has promulgated comprehensive regulations and plaintiffs are duly licensed, regulated and operating under the same. It therefore appears that enforcement of Chapter 745 of the ordinances would constitute an interruption with the right of use, prohibited by Section 3733.06, Revised Code.

We, therefore, decide that Chapter 745 of the Ordinances of the City of Sharonville is an attempt to legislate in a field pre-empted by the state and so in conflict with general law as to render all the provisions thereof unreasonable, arbitrary and discriminatory, and hence unconstitutional and void.

The judgment will be modified, to declare Chapter 745 of the Ordinances (Sections 745.01 through 745.08) void.

*Judgment accordingly.*

HOVER, P. J., and LONG, J., concur.