OPINION
This appeal is brought by John Cusac, Appellant, from a judgment of the Court of Common Pleas of Hancock County sentencing Appellant to fifteen months in prison and also suspending Appellant's license for fifteen months after Appellant pled guilty to one count of Trafficking in Cocaine.
On August 14, 1997, Appellant pled guilty to violating R.C.2925.03(A), Trafficking in Cocaine, a felony of the fourth degree. Sentencing was continued pending a presentence investigation. On November 20, 1997, the trial court sentenced Appellant to serve fifteen months in prison and further ordered his driver's license be suspended for fifteen months. This suspension was directed to run consecutive to any other license suspension.
Appellant now appeals the sentence imposed by the trial court, asserting three assignments of error for our review.
First Assignment of Error
 Error occurs when a lower court judge mistakes a greater level felony offense upon which Appellant was sentenced and disregards factors which indicate Defendant's amenability to community control and orders a prison sentence, despite having found that a prison sentence is not consistent with the principles and purposes of sentencing under R.C. 2929.11 and R.C. 2929.12.
As a threshold matter, Appellant's assignment of error references two statements made by the trial court during sentencing which Appellant claims illustrates error in sentencing by the trial court. First, Appellant cites the trial court's statement that Appellant's case is "a felony three drug case." A complete reading of the transcript reveals that the trial court acknowledged this error and corrected itself, stating Appellant's crime was a felony of the fourth degree. Second, Appellant cites the trial court's statement at the sentencing hearing that a prison term in this case would not be consistent with the principle and purposes of sentencing. Given the context in which this statement was made (which was amidst the court's recitation of factors indicating Appellant's likelihood of recidivism, followed by the court's assertion that Appellant was not amenable to any available community control sanction), we believe this was also a misstatement by the trial court. Moreover, the journal entry of sentencing stated a prison term would be consistent with the sentencing purposes. We are mindful that "[i]n Ohio a court speaks through its journal entry." State v. King (1994),70 Ohio St.3d 158, 162, quoting Worcester v. Donnellon
(1990), 49 Ohio St.3d 117, 118.
Appellant also contends that the trial court erred when it sentenced him to prison instead of finding him amenable to community control sanctions.
According to R.C. 2929.11(A), the two overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. When sentencing an offender, the trial court is granted broad discretion in determining the most effective way to uphold these objectives. R.C. 2929.12(A). The court is guided in its discretion by subsections (B),(C),(D) and (E) of R.C. 2929.12, which enumerate factors the court should consider when judging the seriousness of the conduct constituting the offense and the likelihood of the offender's recidivism.
The record in this case reveals that the trial court carefully considered the factors set out in R.C. 2929.12 before sentencing Appellant. The court noted that Appellant posed the greatest likelihood of recidivism, given his extensive juvenile and adult history of criminal convictions and his continuous failure to respond favorably to past probation or parole opportunities. R.C. 2929.12(D)(2) and (3). Notwithstanding this history, the record in this case demonstrates that the trial court continued Appellant's sentencing date by one month to allow Appellant time to demonstrate his ability to stay out of trouble, keep a job, pay child support, and stay off drugs. During that time, Appellant misled the court regarding his employment and continued to use marijuana. Clearly, the court had reason to believe that if Appellant was unable to follow the court's express directives for one month, he would not be amenable to community based sanctions. In accordance with R.C. 2929.13(B)(1)(g) and (B)(2)(a), the trial court concluded that given Appellant's criminal history, the fact that Appellant was not amenable to community control sanctions, and the fact that a prison term would be consistent with the purposes of sentencing in this case, Appellant should be sentenced as described above.
We recognize that the trial court has broad discretion when sentencing within the statutory limits. State v. Cassidy (1984),21 Ohio App.3d 100, 102 citing Toledo v. Reasonover (1965), 5 Ohio St.2d 22. In this case the trial court imposed the sentence only after considering all the factors in R.C. 2929.12 and R.C.2929.13. The sentence was within the statutory limits described in R.C. 2929.14. As a result, we find no abuse of discretion in the trial court's decision. Appellant's first assignment of error is overruled.
Second Assignment of Error
 A sentence is contrary to law and error occurs when a license suspension under R.C. 2925.03(G) is ordered consecutive to any other license suspension and not immediately imposed.
In his second assignment of error, Appellant argues that the trial court erred in ordering Appellant's license suspension be served consecutive to any other license suspension. Appellant claims that this is not permitted under R.C. 2925.03(G) and that such a sentence is contra to Crim.R. 32 which expressly provides that a sentence is to be immediately imposed and R.C. 2901.04
which calls for the criminal statutes to be strictly construed against the state and liberally construed in favor of the accused.
We find no error in the trial court's order of consecutive license suspensions. While R.C. 2925.03(G) does not mention whether a license suspension imposed for a drug trafficking offense may be ordered consecutive to other suspensions, when read in conjunction with R.C. 4507.16(D)(2), it is apparent that consecutive suspensions are permitted. See State v. Mahoney
(1986), 34 Ohio App.3d 114, 122-123. R.C. 4507.16(D)(2) provides:
 In addition to any prison term authorized or required by the section * * * the court that sentences an offender who is convicted of or pleads guilty to a violation of section * * * 2925.03 * * * of the Revised Code either shall revoke or, if it does not revoke, shall suspend for not less than six months or more than five years, as specified in the section that establishes the offense, the person's driver's or commercial license or permit. * * * If the person's driver's or commercial driver's license or permit is under suspension on the date the court imposes sentence upon the person, any period of suspension imposed * * * shall take effect on the next day immediately following the end of the period of suspension.
Clearly, the trial court acted within its authority when suspending Appellant's license consecutive to any other suspension. Moreover, Crim.R. 32 has not been violated since Appellant was sentenced without unnecessary delay on November 20, 1997. Nor do we find R.C. 2901.04 relevant to our disposition of this assignment of error. Consequently, we find Appellant's second assignment of error without merit.
Third Assignment of Error
 The bad time provisions of Senate Bill 2 are unconstitutional and a denial of due process guaranteed by the Fourteenth Amendment of the U.S. Constitution and error occurs when a Defendant may be exposed to unconstitutional punishment.
We find Appellant lacks standing to challenge the constitutionality of the "bad time" provisions contained in R.C.2967.11.
 The constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision.
Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169,512 N.E.2d 971, syllabus. "Constitutional questions will not be decided until the necessity for a decision arises on the record before the court." Christensen v. Bd. of Commrs. onGrievances and Discipline (1991), 61 Ohio St.3d 534,535, quoting State ex. rel. Herbert v. Ferguson (1944),142 Ohio St. 496, paragraph two of the syllabus.
To have standing to challenge R.C. 2967.11, Appellant must demonstrate a direct interest in the provision of such a nature that his rights will be adversely affected by its enforcement.Anderson v. Brown (1968), 13 Ohio St.2d 53, paragraph one of the syllabus. In other words, Appellant must show a concrete injury in fact, rather than an abstract or suspected injury. Stateex.rel Consumers League of Ohio v. Ratchford (1982), 8 Ohio App.3d 420,424.
In this case, Appellant's sentence has not been extended pursuant to the bad time provisions of R.C. 2967.11. Because Appellant has failed to allege any injury or otherwise demonstrate how his rights have been adversely affected by R.C. 2967.11, we find Appellant presently lacks standing to challenge this statute. Accord, State v. Somerlot (Jan. 23, 1998), Erie App. No. E-97-002, unreported; State v. Davis (Dec. 31, 1997), Miami App. No. 97-CA-17, unreported. Consequently, Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.