On May 22, 1998, the Stark County Grand Jury indicted appellant, Thomas E. Brown, on one count of felonious assault in violation of R.C. 2903.11 and one count of domestic violence in violation of R.C. 2919.25. Said charges arose from an incident involving appellant's wife, Robin Brown, on May 16, 1998.
A jury trial commenced on July 6, 1998. The jury found appellant guilty as charged. By judgment entry filed July 28, 1998, the trial court sentenced appellant to a total term of five years in prison.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error sare as follows:
I
 THE OHIO SCHEME UNDER WHICH A DEFENDANT IS REQUIRED TO PROVE THE AFFIRMATIVE DEFENSE OF SELF-DEFENSE BY A PREPONDERANCE OF THE EVIDENCE, VIOLATES THE APPELLANTS DUE PROCESS RIGHTS GUARANTEED BY STATE AND FEDERAL CONSTITUTIONS, WHERE THE APPELLANT IS UNAWARE OF WHAT OCCURRED THE NIGHT HE WAS ARRESTED.
II
 APPELLANT'S CONVICTION ON ONE COUNT FELONIOUS ASSAULT AND ONE COUNT DOMESTIC VIOLENCE IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant claims R.C. 2901.05 is unconstitutional because it requires a defendant to prove the affirmative defense of self-defense by a preponderance of the evidence. We disagree.
In State v. Martin (1986), 21 Ohio St.3d 91, syllabus, the Supreme Court of Ohio upheld the constitutionality of R.C.2901.05 as it applies to self-defense:
 R.C. 2901.05 requires the prosecution to prove beyond a reasonable doubt every element of a homicide offense as defined by statute, and does not require the defendant to disprove an essential element of this offense. The state may constitutionally require a defendant to prove, by a preponderance of the evidence, the affirmative defense of self-defense.
In addition, appellee points out appellant should be barred from challenging the statute's constitutionality on appeal because he never raised the defense of self-defense at trial and never raised the constitutional argument to the trial court. See, Anderson v. Brown (1968), 13 Ohio St.2d 53; State v.Awan (1986), 22 Ohio St.3d 120.
We concur with appellee's analysis. The trial court did not include a self-defense instruction because it did not find "any evidence to be presented other than questions from counsel that would indicate a defense of self-defense would be appropriate to put before the jury." T. at 366. Upon review, we find a self-defense case was not presented. Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
The May 22, 1998 indictment charged appellant with the following:
 That THOMAS EDWARD BROWN late of said County on or about the 16th day of May in the year of our Lord one thousand nine hundred and ninety-eight, at the County of Stark, aforesaid, did, knowingly, cause serious physical harm to Robin Brown, and/or cause or attempt to cause physical harm to Robin Brown, by means of a deadly weapon, as defined in section 2923.11 of the Revised Code, to-wit: A hammer, in violation of Section 2903.11 of the Ohio Revised Code, contrary to the statute in such cause made and provided, and against the peace and dignity of the State of Ohio.
 COUNT TWO
 And the jurors aforesaid, by their oaths aforesaid, and by virtue of the authority aforesaid, do further find and present that THOMAS EDWARD BROWN late of said County on or about the 16th day of May in the year of our Lord one thousand nine hundred and ninety-eight, at the County of Stark, aforesaid, did, knowingly, cause or attempt to cause, physical harm to Robin Brown, a family or household member, as defined in Section 2919.25(D), being a felony of the fifth degree, THOMAS EDWARD BROWN having been previously convicted of a violation of Section 2919.25 of the Ohio Revised Code, in Canton Municipal Court (Case No. 91CRB00330), on or about April 5, 1991, and/or in Canton Municipal Court (Case No. 92CRB01060), on or about August 12, 1992, in violation of Section 2919.25(A) of the Ohio Revised Code, contrary to the statute in such cause made and provided, and against the peace and dignity of the State of Ohio.
R.C. 2903.11 states as follows:
(A) No person shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
"Serious physical harm" includes "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5)(e). "Deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C.2923.11 (A). R.C. 2919.25(A) states "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
The day before the incident, Ms. Brown told appellant she wanted a divorce. T. at 222. The next evening, Ms. Brown went to a bar and consumed seven beers. T. at 223-224. Ms. Brown returned home and testified to the following:
 A. All I really remember is laying on the floor, him on top of me hitting me with the hammer and he had leaned up far enough to where I could knee him in the groin. Which then he let go of the hammer. And I did manage to hit him in the side of the face, but then he grabbed the hammer back and started hitting me more. And that's all I remember.
* * *
Q. He was striking you with a hammer?
A. Yes.
 Q. Do you remember where he was striking you at?
A. Basically in the side, all over.[1]
T. at 225-226.
The last thing Ms. Brown remembers is appellant hitting her with the hammer. T. at 227. Apparently Ms. Brown went to the home of her neighbor, William Girt. Mr. Girt testified appellant was distraught and "had a head wound to the left side of her head and she had a lot of blood on her." T. at 127. Mr. Girt called 911. Id.
The police arrived and discovered appellant in his living room sitting with "his face in his hands." T. at 142. The police found a hammer between the love seat and the couch. T. at 142, 147. Bloodstains were found on the rug, couch, love seat, floor, refrigerator and at the front doorway. T. at 145-148.
The paramedics found Ms. Brown unconscious and nonresponsive. T. at 254-255. The paramedics assessed Ms. Brown as "critical." T. at 256-257. The emergency medicine trauma physician, Ginger Hamrick, M.D., testified appellant was unconscious, unable to breath and had extensive bruises and a laceration over her left eyebrow. T. at 312, 315-316. The laceration was a "full thickness laceration" requiring sutures. T. at 314, 319. Ms. Brown remained in the hospital for six days. T. at 228.
Appellant's clothes were forensically examined and were found to be bloodstained. T. at 144, 284-285. The bloodstains were consistent with Ms. Brown's blood type. T. at 285-286.
Upon review, we find sufficient evidence to support appellants convictions beyond a reasonable doubt and no miscarriage of justice.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas of Stark County, Ohio is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.
[1] Ms. Brown had noticed the hammer earlier in the evening as being out of place. T. at 222. Instead of being in appellant's tool box, the hammer was upstairs in "a blue decorated basket I put umbrellas in and stuff." Id.