Appellant, the State of Ohio, appeals from a decision of the Portage County Court of Common Pleas which dismissed an action scheduled to determine if appellee, Donald Reese, should be declared a sexual predator under Ohio's version of Megan's Law, newly amended R.C. Chapter 2950. For the reasons that follow, we affirm the judgment of the trial court.
On May 9, 1989, appellee entered a plea of guilty to one count of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), and one count of gross sexual imposition, in violation of R.C.2907.05(A)(3) and (B). He was subsequently sentenced to serve an indefinite term of incarceration of ten to twenty-five years on the count of rape and a definite term of incarceration of two years on the count of gross sexual imposition. The sentences were to be served concurrently.
In a judgment entry filed March 25, 1997, the trial court indicated that the Ohio Department of Rehabilitation and Correction ("ORC") recommended, pursuant to R.C.2950.09(C)(1)[1], that the court adjudicate appellee as a sexual predator. Pursuant to R.C. 2950.09(C)(2),[2] the trial court set a hearing date to determine whether appellee should be adjudicated a sexual predator. The trial court also appointed counsel to represent appellee.
On April 7, 1997, appellee filed a motion to dismiss the ORC recommendation that he be adjudicated a sexual predator on the grounds that R.C. Chapter 2950 was unconstitutional as it applied to him and others similarly situated. Appellant filed a response to this motion on April 21, 1997, asserting that the sexual predator statute was constitutionally valid. In this response, the state did not assert that appellee lacked standing to file the subject motion to dismiss or that the matter was not yet ripe for the trial court's review.
On May 1, 1997, the trial court granted appellee's motion to dismiss holding that R.C. Chapter 2950 was unconstitutional. The state filed the instant appeal as a matter of right, asserting two assignments of error for our consideration:
 "[1.] THE TRIAL COURT ERRED IN DISMISSING THE RECOMMENDATION OF THE OHIO DEPARTMENT OF CORRECTIONS THAT [APPELLANT] BE ADJUDICATED A SEXUAL PREDATOR BECAUSE THE ISSUE OF THE CONSTITUTIONALITY OF R.C. 2950 ET SEQ. WAS NOT PROPERLY BEFORE THE COURT.
 "[2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DETERMINING, AS A MATTER OF LAW, THAT R.C. 2050 [sic] ET SEQ. IS UNCONSTITUTIONAL AS APPLIED TO DEFENDANTS CONVICTED AND SENTENCED FOR A SEXUALLY ORIENTED OFFENSE, AS DEFINED IN R.C. 2950.01(D), PRIOR TO JANUARY 1, 1997."
In the first assignment of error, appellant argues that appellee lacked standing to file the motion to dismiss the sexual predator proceedings instituted against him, and/or that the trial court erred by addressing the motion at a time when it was allegedly not ripe for review.
Initially, we note that appellant failed to preserve this assignment of error for appellate review when it failed to object to appellee's motion on the grounds of standing and/or ripeness below. It is axiomatic that appellant was required to bring this objection to the attention of the trial court at a time when the court was in a position to rectify the alleged error, however appellant did not. As a result, appellant has not properly preserved the record from which to argue the issues of standing and/or ripeness on appeal. Nevertheless, due to the grave importance of the issues raised in this appeal, we will briefly indicate why we do not agree with the state's position.
According to appellant, the trial court acted prematurely when it granted appellee's motion to dismiss prior to actually holding a sexual predator hearing and determined that appellee was, in fact, a sexual predator. We disagree. "The essence of the doctrine of standing is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination.' " Racing Guild of Ohio,Local 304 v. State Racing Comm. (1986), 28 Ohio St.3d 317, 321, citing Baker v. Carr (1962), 369 U.S. 186, 204. To establish standing to challenge the constitutionality of a legislative act, the person must show "a direct interest in the ordinance of such a nature that his rights will be adversely affected by its enforcement." (Emphasis added.) Anderson v. Brown, Mayor
(1968), 13 Ohio St.2d 53, paragraph one of the syllabus; see, also, Prentiss v. Dittmer (1916), 93 Ohio St. 314, 323.
Regarding the issue of ripeness, it is well established that a court will not pass upon the constitutionality of a statute or ordinance unless or until it becomes necessary to do so in order to dispose of the case before it. See State ex rel.Hofstetter v. Kronk (1969), 20 Ohio St.2d 117, 119; State v.Baughman (1882), 38 Ohio St. 455.
In the case sub judice, the trial court set a hearing date to determine whether appellee should be adjudicated a sexual predator. We consider this analogous to the point in time at which an indictment is handed down against a criminal defendant charging him or her with a particular offense. As such, we believe that the same principles of standing and/or ripeness attendant in the situation of an indictment apply here.
In this regard, we refer to our decision in the case ofState v. Spikes (Sept. 4, 1998), Lake App. No. 97-L-158, unreported. There, we made a similar comparison between the handing down of an indictment and the imposition of bad time pursuant to R.C. 2967.11. According to our decision in Spikes,
the potential injury to be inflicted upon the criminal defendant is sufficiently immediate to warrant review when the defendant has received notice that a decision has been made by the institutional investigator to go forward with a bad time hearing. This court held that it was an unnecessary delay to require those who fell under the coverage of the bad time provisions to wait until the panel decided that the defendant committed a crime punishable by bad time, or worse, until the defendant actually began serving the bad time, before it was recognized that the defendant had standing to mount a constitutional challenge to the statute.
We recognize that there exists a disagreement among the members of the panel who decided Spikes as to the earliest
point that a criminal defendant has enough of a personal interest in the outcome of a case to warrant immediate constitutional review. However, we are in agreement that it is unnecessary to require appellee in the current case to wait until after he was adjudicated as a sexual predator, or worse, until he was out of prison and subject to the registration and notification provisions of the statute, before he would be permitted to mount a constitutional challenge to R.C. Chapter 2950. Although other appellate courts may have decided the issue differently, we believe that at the time a sexual predator hearing date was set, appellee demonstrated "a direct interest in the [sexual predator statute] of such a nature that his rights will be adversely affected by its enforcement."Anderson at paragraph one of the syllabus. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant argues that the trial court erred when it held that R.C. Chapter 2950 was unconstitutional. Pursuant to this court's decision inState v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, appellant's second assignment of error is without merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
 ---------------------------- JUDGE WILLIAM M. O'NEILL
FORD, P.J., concurs with Concurring Opinion, NADER, J., concurs.
HON. DONALD R. FORD, P.J., HON. ROBERT A. NADER, J., HON. WILLIAM M. O'NEILL, J., JUDGES.
[1] R.C. 2950.09(C)(1) reads:
 "If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section."
[2] R.C. 2950.09(C)(2) reads, in pertinent part:
 "If pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing. If the court determines without a hearing that the offender is not a sexual predator, it shall include its determination in the offender's institutional record."
 CONCURRING OPINION