CITY OF NORTH CANTON, APPELLANT, *v.* CITY OF CANTON ET AL., APPELLEES.

[Cite as *N. Canton v. Canton*, 114 Ohio St.3d 253, 2007-Ohio-4005.]

(No. 2006–0293—Submitted April 3, 2007—Decided August 22, 2007.)

LUNDBERG STRATTON, J.

{¶ 1} We must decide whether the city of North Canton has standing to challenge the constitutionality of R.C. 709.02(E) as denying due process and equal protection even though North Canton is not a member of the class of persons against whom the statute is applied. Because North Canton is asserting the rights of a third party, we conclude that it lacks standing to assert its constitutional challenge, and we affirm the judgment of the court of appeals.

{¶ 2} The parties submitted this matter on the following stipulated facts. On August 27, 2004, the city of North Canton entered into an agreement with Metro Regional Transit Authority ("Metro"), which provided for the annexation of a portion of Metro's property to North Canton in exchange for North Canton's agreement to partially fund the reconstruction of certain bridges on the property.

{¶ 3} On August 31, 2004, the city of Canton filed a petition with the Stark County Board of County Commissioners for annexation of land that included some of Metro's property that was the subject of the contract between Metro and North Canton. Canton's petition was subject to the special annexation procedures set forth in R.C. 709.023, which require the signatures of all property owners on the petition. The Canton petition did not contain the signature of any representative of Metro.

{¶ 4} On September 27, 2004, North Canton filed a petition for annexation of approximately 6.436 acres of the Metro property. A day later, the Stark County Commissioners held a hearing and passed a resolution granting the Canton petition.

{¶ 5} North Canton filed this action against Canton and the Stark County Board of Commissioners, among others, for a declaratory judgment and injunctive relief regarding the annexation proceeding. The complaint also included a claim that R.C. 709.02(E), which excludes railroads from the definition of "owner" for purposes of annexation proceedings in R.C. Chapter 709, was unconstitutional.[1]

{¶ 6} The trial court dismissed North Canton's petition pursuant to Civ.R. 12(B)(1). The court determined that because there is no right of appeal from a

---

1. North Canton served a copy of the complaint upon the attorney general of Ohio in compliance with R.C. 2721.12. The attorney general filed a notice of reservation of rights and appearance but did not otherwise participate in the matter.

decision granting an expedited annexation under R.C. 709.023 and North Canton was not a party to the annexation proceeding, the court lacked subject-matter jurisdiction. The court also concluded that, even assuming that it had subject-matter jurisdiction, North Canton lacked standing to challenge the constitutionality of R.C. 709.02(E) because it did not belong to the class of persons against whom the statute was allegedly unconstitutionally applied. The court of appeals affirmed.

{¶ 7} This cause is before the court upon our acceptance of a discretionary appeal upon reconsideration. 110 Ohio St.3d 1444, 2006-Ohio-3862, 852 N.E.2d 191.

{¶ 8} As North Canton concedes, it was not a party to the Canton annexation petition, and the merits of that proceeding are not before us. Instead, the narrow issue before us is whether North Canton has standing to challenge the constitutionality of R.C. 709.02(E), which defines "owner" for purposes of annexation proceedings in R.C. Chapter 709.

{¶ 9} The R.C. 709.023 special annexation proceeding initiated by Canton required the signature of every property owner on the petition. R.C. 709.02(E) defines "owner" as "any adult individual who is legally competent, the state or any political subdivision as defined in section 5713.081 of the Revised Code, and any firm, trustee, or private corporation, any of which is seized of a freehold estate in land; except that * * * any railroad * * * rights-of-way held in fee, by easement, or by dedication and acceptance are not included within those meanings." Because the Metro property was a railroad, Metro was not an owner according to R.C. 709.02(E). Thus, Metro's signature was not required on Canton's petition.

{¶ 10} North Canton alleged that R.C. 709.02(E) creates, without a legitimate or rational basis, a class of real property owners whose rights and interests are not considered in annexation proceedings and that application of the statute to Metro's property denied due process and equal protection of the law under both the United States and Ohio Constitutions.

{¶ 11} A party must have standing to be entitled to have a court decide the merits of a dispute. *Ohio Contrs. Assn. v. Bicking* (1994), 71 Ohio St.3d 318, 320, 643 N.E.2d 1088. In order to have standing to challenge the constitutionality of legislation, a party must have a direct interest in the legislation of such a nature that his or her rights will be adversely affected by its enforcement. *Anderson v. Brown* (1968), 13 Ohio St.2d 53, 42 O.O.2d 100, 233 N.E.2d 584, paragraph one of the syllabus. Generally, the one challenging legislation on the basis of equal protection must be a member of the class the statute identifies or allegedly discriminates against, and must have been injured by it. *State ex rel. Harrell v. Streetsboro City School Dist. Bd. of Edn.* (1989), 46 Ohio St.3d 55, 62–63, 544

N.E.2d 924; *Palazzi v. Estate of Gardner* (1987), 32 Ohio St.3d 169, 512 N.E.2d 971, at syllabus.

{¶ 12} North Canton admittedly is not a member of the class of owners identified or allegedly being discriminated against by R.C. 709.02(E). However, North Canton contends that it has a direct interest in the statute through its contract rights in the Metro property, which, it contends, are property rights. According to North Canton, the statute's application adversely affected Metro's constitutional rights and, by extension, also adversely affected North Canton's contract rights, giving North Canton standing to pursue this constitutional challenge even though it is not the party identified in the statute.

{¶ 13} Canton argues that North Canton lacks standing based on *Avon Lake City School Dist. v. Limbach* (1988), 35 Ohio St.3d 118, 518 N.E.2d 1190, in which we held that a political subdivision may not rely upon the protections of the Fourteenth Amendment to challenge the constitutionality of state legislation. Id. at 121–122, 518 N.E.2d 1190. North Canton concedes that the equal protection claim belongs to Metro. However, North Canton contends that its contract rights in the Metro property constitute property rights that were destroyed by application of R.C. 709.02(E). Thus, we must determine whether North Canton may assert Metro's claim on the basis that the effect of the statute on Metro destroyed North Canton's contract rights in Metro's property.

{¶ 14} Generally, a litigant must assert its own rights, not the claims of third parties. See *State ex rel. Harrell,* 46 Ohio St.3d at 63, 544 N.E.2d 924; *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 3, 12 O.O.3d 1, 387 N.E.2d 1222, fn. 1. However, in *E. Liverpool v. Columbiana Cty. Budget Comm.,* 114 Ohio St.3d 133, 2007-Ohio-3759, 870 N.E.2d 705, we recognized that an exception may exist "when a claimant (i) suffers its own injury in fact; (ii) possesses a sufficiently ' "close" relationship with the person who possesses the right'; and (iii) shows some 'hindrance' that stands in the way of the claimant seeking relief," quoting *Kowalski v. Tesmer* (2004), 543 U.S. 125, 129–130, 125 S.Ct. 564, 160 L.Ed.2d 519.

{¶ 15} In that case, East Liverpool asserted an equal protection claim on behalf of its citizens and council members. It did not assert the claim on behalf of itself. East Liverpool alleged that certain statutes that changed the procedures by which some counties could adopt an alternative method of tax apportionment violated the Equal Protection Clause. Applying the three-part *Kowalski* analysis, we determined that the use of the alternative apportionment method negatively affected East Liverpool's treasury, thereby injuring both the city and its citizens. There was a sufficiently close relationship between the city and its citizens with respect to the equal protection claim. And there was evidence that East Liverpool citizens were hindered from bringing individual equal protection

claims. Certain individual taxpayers had tried to assert claims, but the court had denied them access for lack of standing. *Satow v. Columbiana Cty. Budget Comm.*, Columbiana App. No. 04–CO–13, 2005-Ohio-5312, 2005 WL 2450165, ¶ 8, 20–22. Consequently, we held that East Liverpool was the most appropriate claimant to assert an equal protection claim on behalf of its citizens.

{¶ 16} A similar relationship between North Canton and Metro is absent here. Even if we accept that impairment of North Canton's contract rights constitutes an injury in fact, North Canton lacks a sufficiently close relationship with Metro, which as owner of the railroad holds the equal protection claim and is the obvious entity to assert it. See *State ex rel. Harrell*, 46 Ohio St.3d 55, 63, 544 N.E.2d 924. North Canton has no statutory authority to represent Metro, a private corporation. There is no special relationship between them. Unlike East Liverpool and its citizens, the interests of North Canton and Metro are not interdependent. Except for the underlying contract between them, North Canton has no interest in or relationship with Metro.

{¶ 17} Finally, North Canton failed to demonstrate that Metro was hindered from asserting its own rights in this matter. Because the equal protection claim belongs to Metro, it is the proper party to challenge the statute. However, Metro did not choose to file suit, nor has it even attempted to intervene in this case. North Canton has no legal right to assert the equal protection rights of Metro when there is nothing that prohibits Metro from asserting its own claim.

{¶ 18} Consequently, we conclude that North Canton lacks standing to assert a constitutional challenge to R.C. 709.02(E). Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., O'CONNOR, LANZINGER and CUPP, JJ., concur.

PFEIFER and O'DONNELL, JJ., concur in judgment only.

---

Baker, Dublikar, Beck, Wiley & Mathews and James F. Mathews, for appellant.

Kevin R. L'Hommedieu and Jason P. Reese, for appellees.