Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 58} I concur in judgment in part with respect to holding that property owners do not have standing to bring a mandamus action to compel a municipality to appropriate property outside the municipality’s jurisdiction. But I dissent from the majority’s creation of new law in holding that the nonresident property owners in this case have standing to bring a declaratory-judgment action to challenge another municipality’s ordinances on due process and equal protection grounds. I disagree with the majority’s conclusion that these constitutional claims survive.
{¶ 59} It is difficult to see how the majority can hold that the Moores have standing to challenge ordinances by way of a declaratory-judgment action when the majority also holds that there has been no taking, i.e., no injury that may be redressed. In disposing of the claim for a writ of mandamus, the majority follows the principle that “[a] property owner lacks standing to bring a regulatory-taking claim against a municipality when the affected property is outside the municipality’s corporate limits.” Clifton v. Blanchester, 131 Ohio St.3d 287, 2012-0hio-780, 964 N.E.2d 414, syllabus. Clifton thus prohibits use of a mandamus action to force Middletown to undertake proceedings to compensate the Moores for an appropriation of their property. Although the majority holds that there can be no taking under the rule of Clifton, it permits nonresidents’ use of a declaratory-judgment action to challenge the constitutionality of ordinances of another municipality.
*71 {¶ 60} The issue of standing turns on the nature and source of the claim asserted by the plaintiffs. Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The first cause of action of the complaint sets forth the constitutional claims regarding the ordinance:
For its First Cause of Action, Plaintiffs/Relators state that the CITY OF MIDDLETOWN’S action in the rezoning of the Martin/Bake property was arbitrary, capricious, unreasonable, and unconstitutional as applied to said property, having no substantial relation to, nor the substantial advancement of, the public health, safety, and welfare of said City, and that the effect of such action upon Plaintiffs/Relators’ property violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and Article I Section 16 of the Ohio Constitution.
{¶ 61} With regard to this cause of action, the Moores asked that
the Court render declaratory judgment declaring that the CITY OF MIDDLETOWN’S rezoning of the Martin/Bake property and the amendment of the setback ordinance are arbitrary, unreasonable and unconstitutional as applied to Plaintiffs/Relators’ property, having no substantial relation to public health, safety and welfare.
{¶ 62} “A declaratory judgment action lies when a party challenges a zoning ordinance as it applies to a specific parcel of property to proscribe the owner’s proposed use of the property.” Karches v. Cincinnati, 38 Ohio St.3d 12, 16, 526 N.E.2d 1350 (1988). “The overall constitutionality of a zoning ordinance as applied to a particular parcel of property is the central question.” Id. Here, the Moores have not alleged that the rezoning and setback ordinances were directed to their property, and thus they lack standing to challenge them. At most, the Moores have pled a potential diminishment in the value of their property as a result of Middletown’s rezoning. The majority cites an example of an adjacent property owner who was held to have standing to object to rezoning in an administrative appeal. Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals, 91 Ohio St.3d 174, 179, 743 N.E.2d 894 (2001). But the case is distinguishable not only because the issue was whether the complainant had standing to appeal to a township board of zoning appeals as a “person aggrieved” under R.C. 519.15, but also because it did not involve a declaratory-judgment action. Its rationale does'not apply to the appellants in this case.
*72 {¶ 63} The Moores do not reside in Middletown, pay no city taxes, do not vote in city elections, and are not subject to the city’s jurisdiction. I cannot see how they have asserted a redressable injury in order to claim a due process or equal protection violation. The ordinance is “applied to” property in which they have no interest. An enactment or amendment of a zoning ordinance by a city is the exercise of a legislative power that belongs exclusively to the governing body of the city. The corollary is that only those who are legally a part of the city may participate in that process. The parties cite no cases in which a court has sanctioned an effort to confer upon nonresident, legally disinterested individuals the right to participate in the legislative process of a city in enacting a local law. A plaintiff challenging municipal legislation must show that he is “within the purview of [the] ordinance or will be affected by its operation.” Anderson v. Brown, 13 Ohio St.2d 53, 55, 233 N.E.2d 584 (1968).
{¶ 64} I also do not believe that the Moores have shown that they have standing to challenge the ordinance through a declaratory-judgment action.
[Sjtanding to attack the constitutionality of a legislative enactment exists only where a litigant “has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury.”
(Emphasis added.) Cuyahoga Cty. Bd. of Commrs. v. State, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22, quoting State ex rel. Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 469-470, 715 N.E.2d 1062 (1999).
{¶ 65} R.C. 2721.03 provides:
[A]ny person whose rights, status, or other legal relations are affected by a * * * municipal ordinance * * * may have determined any question of construction or validity arising under the * * * ordinance * * * and obtain a declaration of rights, status, or other legal relations under it.
{¶ 66} In their claim for declaratory relief, the Moores failed to plead any direct and concrete injury that is different in kind or in degree from that suffered by the public in general. Instead, they simply assert that Middletown failed to follow proper procedures in adopting the zoning ordinance. Specifically, they have pled that Middletown failed to consider disadvantages of the rezoning as required by a Middletown ordinance; that the rezoning generally fails to advance the public health, safety, morals, and general welfare; that the rezoning fails to *73 adhere to common, accepted land-use locational principles; and that Middletown violated a setback requirement codified in an existing Middletown ordinance. In their declaratory-judgment action, the Moores do not allege that Middletown’s failure to properly enact the zoning ordinance affects them in any unique, concrete way. Instead, they generally assert that Middletown’s actions, as applied to the Martin-Bake property, violate the Moores’ constitutional rights to due process and equal protection. If it in fact occurred, this violation is a general one, affecting the rights of all residents of Middletown, and is not sufficient to confer standing upon the Moores.
{¶ 67} We have held that “surrounding property owners” have no legal interest in the outcome of a declaratory-judgment action challenging the constitutionality of zoning as applied to another parcel of real property. Driscoll v. Austintoum Assoc., 42 Ohio St.2d 263, 273, 328 N.E.2d 395 (1975) (“surrounding property owners may have a practical interest in the outcome of a declaratory judgment action attacking the constitutionality of zoning as it applies to a specific parcel of property, but they have no legal interest in the outcome” (Emphasis added.)). While the Moores may have a practical interest in the land surrounding their property, they have not alleged a legal interest.
{¶ 68} The majority cites Cresskill v. Dumont, 15 N.J. 238, 104 A.2d 441 (1954), as the seminal case on this area of the law. Notably, Cresskill does not stand for the proposition that nonresidents have standing to bring declaratory-judgment actions challenging municipal zoning ordinances. Instead, it provides that municipalities have the duty to give nonresidents who may be adversely affected by proposed zoning changes an opportunity to be heard and to give due consideration to those nonresidents. Id. at 247. The Moores do not allege that Middletown denied them the opportunity to be heard.
{¶ 69} The majority further cites the Ohio cases of Goldberg Cos., Inc. v. Richmond Hts. City Council, 81 Ohio St.3d 207, 214, 690 N.E.2d 510 (1998), and Clifton Hills Realty Co. v. Cincinnati, 60 Ohio App. 443, 450, 21 N.E.2d 993 (1938), as support for its assertion that the Moores have potential for a declaratory remedy. These cases are factually distinct from the present one. Both Goldberg Cos. and Clifton Hills Realty arose from zoning challenges brought by the owners of the affected property, not nonresident landowners. No Ohio decision until today has granted nonresidents standing to challenge a municipality’s zoning laws.
{¶ 70} In essence, this case represents an anticipatory nuisance claim in reaction to the coke plant proposed for the Martin-Bake property. While any landowner can sympathize with the situation the Moores find themselves in, sympathy is not sufficient to grant the Moores standing that is otherwise unprecedented in Ohio law. While there are potentially multiple pre- and post- *74 rezoning methods for addressing any potential damage to the Moores’ property arising from the potential coke plant, a declaratory-judgment action against Middletown is not one of them. By allowing nonresidents to bring a declaratory-judgment claim that could potentially result in the overturning of municipal zoning ordinances that have the approval of the residents of the municipality, the majority opens the gates to perhaps numerous challenges to zoning ordinances by nonresidents. It is my belief that the Moores have no legally protected rights that have been affected by the Middletown ordinances. I respectfully dissent and would affirm the judgment of the court of appeals dismissing this case in its entirety under Civ.R. 12(B)(6) for lack of standing and failure to state a claim.
Jay C. Bennett, for appellants.
Crabbe, Brown & James, L.L.P., Robert J. Gehring, and Brian E. Hurley; and Leslie S. Landen, Middletown Law Director, and Sara E. Mills, Assistant Law Director, for appellee.
Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, and Rebecca K. Schaltenbrand; and John Gotherman, urging affirmance for amicus curiae Ohio Municipal League.
Maurice A. Thompson, in support of neither party, for amicus curiae 1851 Center for Constitutional Law.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Laura Eddleman Heim, Deputy Solicitor, and Michael L. Stokes and William J. Cole, Senior Assistant Attorneys General, in support of neither party, for amicus curiae state of Ohio.
Lundberg Stratton and O’Donnell, JJ., concur in the foregoing opinion.