OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Robert J. Smith, pro se appeals the decision of the Columbiana County Court of Common Pleas that accepted his plea of guilty to robbery and failure to comply with the order or signal of a police officer and sentenced him to a total of eight years imprisonment. On appeal, Smith argues that he was denied his right to a speedy trial and the effective assistance of counsel. However, Smith's guilty plea waived both of these arguments for the purposes of appeal. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 2} In December 2005, Smith was indicted on two counts arising out of a robbery which occurred in November 2005: robbery in violation of R.C. 2911.02(A)(2), a first degree felony, and failure to comply with the order or signal of a police officer in violation of R.C.2921.331(B), a third degree felony. The trial court found that Smith was indigent and appointed counsel to represent him.
{¶ ?} Smith's appointed counsel filed a plea of not guilty by reason of insanity on Smith's behalf and moved for a competency evaluation. The trial court ordered an evaluation and scheduled a competency hearing, but Smith's attorney moved to withdraw as counsel and requested that another attorney be appointed in his stead before that hearing took place. The trial court granted that motion, appointed new counsel, and held the scheduled hearing, after which it found Smith competent to stand trial.
 {¶ 4} Smith then moved for permission to represent himself pro se. He followed this with a motion to dismiss the case because of a violation to his right to a speedy trial. The trial court granted Smith's motion to proceed pro se, but denied his motion to dismiss.
 {¶ 5} Smith next moved for a sanity evaluation and the trial court granted this motion. He later moved to change his plea to not guilty, rather than not guilty by reason of insanity. The trial court accepted the plea of not guilty, finding that Smith's second evaluation showed that he was sane at the time of the offense.
 {¶ 6} After being found sane, Smith requested that the trial court hold a change of plea hearing. At that hearing, Smith informed the trial court that he wished to change his *Page 2 
plea to guilty to the charges in the indictment. The trial court found that Smith's desire to plead guilty was knowing, intelligent, and voluntary, and accepted that plea. After a sentencing hearing, the trial court sentenced Smith to six years imprisonment on the robbery charge and two years imprisonment on the charge of failure to comply with the order or signal of a police officer. It then ordered that these sentences be served consecutively, for a total of eight years imprisonment.
 Speedy Trial {¶ 7} In his first assignment of error, Smith argues:
 {¶ 8} "The trial court erred and/or abused its discretion to the prejudice of the Defendant-Appellant (hereinafter Appellant) by denying the Appellant's motion for dismissal for lack of a speedy trial pursuant to O.R.C. 2945.71 et seq., and in violation of Appellant's right to due process and equal protection under Ohio Constitution Article 1 Section10 and the forth [sic], fifth, sixth, and fourteenth amendments to the United States Constitution."
 {¶ 9} In making this argument, Smith acknowledges the general rule that a guilty plea waives such an argument, but believes that this case is an exception to that rule. Furthermore, he contends that his constitutional right to a speedy trial is not waived by his guilty plea. All of these arguments are meritless.
 {¶ 10} The Ohio Supreme Court has long held that "where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." Montpelier v. Greeno (1986),25 Ohio St.3d 170; see also State v. Kelley, (1991), 57 Ohio St.3d 127, 130;Partsch v. Haskins (1963), 175 Ohio St. 139, 141. This court has held that a guilty plea waives an offender's right to raise both statutory and constitutional speedy trial claims. Coleman v. Wolfe, 7th Dist. No. 06 NO 334, 2007-Ohio-0357.
 {¶ 11} Smith argues that this case is an exception to this general rule since the trial court assured him that he would not waive his speedy trial argument when he agreed to waive his speedy trial rights for the purposes of a continuance in July 2006. He is mistaken. *Page 3 
 {¶ 12} Smith moved to dismiss his case for a violation of his speedy trial rights on July 10, 2006. The trial court held a hearing on that motion and denied it. It then asked him to sign a speedy trial waiver for a further continuance of the proceedings. The trial court assured Smith that this waiver would not affect Smith's ability to appeal that issue.
 {¶ 13} The trial court's assurances at that hearing had to do with that waiver's affect on Smith's ability to raise a speedy trial on appeal. The trial court's statements did not address the effect a guilty plea would have on Smith's ability to raise this issue on appeal. Accordingly, Smith has waived this argument for the purposes of appeal and Smith's first assignment of error is meritless.
 Ineffective Assistance of Counsel {¶ 14} In his second assignment of error, Smith argues:
 {¶ 15} "Defendant/Appellant (hereinafter "Appellant") was denied his constitutional right to effective assistance of counsel under theSixth Amendment and his right to due process of law and equal protection under the forth [sic], fifth, sixth, and fourteenth amendments [sic] to the United States Constitution when the State failed to properly pay his court appointed attorney(s); where first court appointed attorney filed frivolous motions because he was not properly paid; where court appointed attorney(s) committed acts which call into question their ethics and demonstrated that they were not acting as Appellant's advocates."
 {¶ 16} Here, Smith contends that he was denied the effective assistance of counsel, which forced him to proceed pro se. However, Smith does not recognize that he waived this argument as well.
 {¶ 17} "A guilty plea waives the right to claim that one was prejudiced by constitutionally ineffective assistance of counsel except to the extent that such ineffective assistance made the plea less than knowing and voluntary." State v. Heddleston, 7th Dist. Nos. 98 CO 29, 98 CO 37, 98 CO 46, 2001-Ohio-3391, at 9. Smith's argument about the effectiveness of his trial counsel has nothing whatsoever to do with his decision to plead guilty. Notably, Smith was proceeding pro se in this case for six months before he pleaded guilty. Thus, Smith's arguments about his counsels' ineffectiveness have *Page 4 
been waived. Smith's second assignment of error is meritless.
 Conclusion {¶ 18} In this case, Smith pleaded guilty to the charged offenses and neither of his assignments of error have anything to do with whether that plea was knowing, intelligent, and voluntary. Accordingly, he has waived these arguments for the purposes of this appeal and the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1