[Cite as *State v. Bernard*, 2026-Ohio-1614.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 3-25-06

v.

JAMES J. BERNARD,

**OPINION AND
JUDGMENT ENTRY**

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 18-CR-0206

Judgment Affirmed

Date of Decision: May 4, 2026

APPEARANCES:

    *Christopher Bazeley* for Appellant

    *Ryan M. Hoovler* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, James J. Bernard ("Bernard"), appeals the January 15, 2025 judgment of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On July 10, 2018, the Crawford County Grand Jury indicted Bernard in case number 18-CR-0206 on nine counts of theft in violation of R.C. 2913.02(A)(1), (3), fourth-degree felonies, and a single count of identity fraud in violation of R.C. 2913.49(B)(1), (2), a third-degree felony. That same day, a warrant for Bernard's arrest was issued. However, Bernard was not served with the indictment until several years later.

{¶3} On February 5, 2024, Bernard, who was at the time an inmate at Allen-Oakwood Correctional Institution, filed a notice of imprisonment and request for disposition of indictments, information, or complaints pursuant to R.C. 2941.401. The following day, the trial court scheduled an arraignment and filed an order of conveyance. On March 13, 2024, Bernard appeared for arraignment in case number 18-CR-0206, where he entered not-guilty pleas to the charges.

{¶4} On April 9, 2024, Bernard filed a motion to dismiss the case for undue delay.[1] Bernard argued that that because the indictment was levied against him on

---

[1] Bernard subsequently raised additional concerns relating to alleged violations of his right to a speedy trial which were denied by the trial court. However, Bernard does not challenge the trial court's decisions with respect to those motions. Accordingly, those motions and the trial court's disposition thereof are not relevant to this appeal.

July 10, 2018 but he was not arraigned until March 13, 2024, more than five and one-half years later, his right to a speedy trial was violated. Bernard contends that he was incarcerated and, therefore, available to the court for "several years prior to arraignment" and, accordingly, the delay violated his Sixth Amendment right to a speedy trial and constitutes a presumption of prejudice. On June 26, 2024, the matter came on for a hearing on Bernard's motion to dismiss. At the conclusion of the hearing, the trial court denied Bernard's motion.[2]

{¶5} Bernard appeared for a change-of-plea hearing on January 15, 2025. Pursuant to a negotiated-plea agreement, Bernard entered a guilty plea to a single count of theft which was amended from a fourth-degree felony to a fifth-degree felony. In exchange, the trial court, at the recommendation of the State, dismissed the remaining nine counts. Pursuant to a negotiated-plea agreement, Bernard was sentenced to 12 months in prison to be served consecutively to a case originating out of Wood County.

{¶6} On January 29, 2025, Bernard filed his notice of appeal. He raises a single assignment of error for our review.

## Assignment of Error

**The trial court erred when it overruled Bernard's motion to dismiss based upon a violation of his constitutional rights to a speedy trial.**

---

[2] On September 24, 2024, Bernard filed a motion requesting the appointment of appellate counsel for an interlocutory appeal of his motion to dismiss. The trial court denied Bernard's motion on the grounds that the trial court's denial of his motion to dismiss for undue delay was not a final appealable order and Bernard was not barred from raising this issue on appeal after the case was fully resolved.

**{¶7}** In his assignment of error, Bernard argues that the trial court erred by overruling his motion to dismiss the case based on the violation of his constitutional right to a speedy trial. Specifically, he contends that his constitutional rights were violated as a result of the five-year delay between his indictment in the instant case and the service of that indictment.

**{¶8}** "[S]peedy trial issues present mixed questions of law and fact." *State v. Marr*, 2018-Ohio-5061, ¶ 15 (3d Dist.). "[W]e apply a de novo standard of review to the legal issues but give deference to any factual findings made by the trial court." *Id.*

**{¶9}** "'An accused is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Article I, Section 10.'" *State v. Irish*, 2019-Ohio-2765, ¶ 11 (3d Dist.), quoting *State v. Dahms*, 2017-Ohio-4221, ¶ 102 (3d Dist.). Furthermore, a defendant has statutory speedy trial rights which are coextensive with the constitutional speedy trial provisions. *State v. King*, 70 Ohio St.3d 158, 160 (1994); *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987). However, "[a]s a general matter, 'a defendant [who] enters a plea of guilty as a part of a plea bargain . . . waives all appealable errors which may have occurred, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea.'" *State v.*

*Sessom*, 2024-Ohio-130, ¶ 9(3d Dist.), quoting *State v. Kitzler*, 2002-Ohio-5253, ¶ 12 (3d Dist.).

{¶10} "While a general agreement exists as to whether a guilty plea waives statutory speedy trial challenges on appeal, the appellate districts in our state have reached different conclusions about the extent to which a guilty plea waives constitutional speedy trial challenges on appeal." *Sessom*, at ¶ 9, fn. 1, citing *State v. Watson*, 2018-Ohio-4971, ¶ 6 (1st Dist.), *State v. Mize*, 2022-Ohio-3163, ¶ 34-35 (2d Dist.), and *State v. Glanton*, 2020-Ohio-834, ¶ 21-23 (6th Dist.). However, this court has previously stated that "'[a] defendant, by entering a guilty plea, generally waives both the statutory and the constitutional right to a speedy trial.'" *State v. Murphy*, 2025-Ohio-4713, ¶ 25 (3d Dist.), quoting *Glanton* at ¶ 26.

{¶11} Accordingly, by entering a guilty plea, Bernard waived the argument that his constitutional right to a speedy trial was violated. *See Watson* at ¶ 7 (holding that because the statutory and constitutional rights to a speedy trial are coextensive, "a defendant, by entering a guilty plea generally waives both the statutory and the constitutional right to a speedy trial"); *State v. Dickens*, 2006-Ohio-4920, ¶ 6 (4th Dist.); *State v. Phelps*, 2022-Ohio-3025, ¶ 35 (5th Dist.) ("[w]here an accused enters a plea of guilty, he waives his right to raise the denial of his speedy trial on appeal"); *Glanton* at ¶ 26 ("we specifically find that a defendant, by entering a guilty plea, generally waives both the statutory and constitutional right to a speedy trial"); *State v. Smith*, 2007-Ohio-6913, ¶ 10 (7th Dist.) ("[t]his court has held that a guilty plea

waives an offender's right to raise both statutory and constitutional speedy trial claims"); *State v. Hall*, 2024-Ohio-4914, ¶ 25-26, 30 (10th Dist.). *But see State v. Forrest*, 2021-Ohio-122, ¶ 10 (8th Dist.) ("although a defendant generally waives his statutory right to a speedy trial by pleading guilty, he does not waive his constitutional right to a speedy trial"); *State v. Williams*, 1994 Ohio App. LEXIS 1738, *4 (9th Dist. Apr. 20, 1994).

{¶12} Because Bernard entered a guilty plea, he waived his constitutional and statutory rights to a speedy trial, and we need not reach the merits of his assignment of error. However, even if we were to find that the matter was not waived, the record does not support a finding that Bernard's constitutional rights were violated.

{¶13} "To determine whether a defendant has been deprived of [his] constitutional speedy-trial rights, a court must balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of a speedy-trial right, and (4) the prejudice to the defendant." *State v. Adams*, 2015-Ohio-3954, ¶ 88, citing *State v. Selvage*, 80 Ohio St.3d 465, 467 and *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182 (1972). "'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" *State v. Long*, 2020-Ohio-5363, ¶ 14, quoting *Barker* at 530. "Generally, a delay that approaches one year is presumptively prejudicial." *Id.*, citing *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686 (1992), fn. 1.

{¶14} Bernard specifically challenges the five-year delay between the filing of the indictment and his service of the indictment. He alleges that the delay prejudiced him because he "endured the natural anxiety and stress that results from worrying if criminal charges are pending against you for approximately five years." (Appellant's Brief at 6). The first *Barker* factor considers the length of the delay. Although a delay approaching one year is presumptively prejudicial, "[i]n *Doggett*, the United States Supreme Court explained that a finding that the delay is presumptively prejudicial merely triggers the *Barker* balancing test." *Glanton*, 2020-Ohio-834, at ¶ 32, citing *Doggett* at 651-652.

{¶15} The second *Barker* factor considers the reasons for the delay. Here, Bernard contends that he made "multiple unsuccessful attempts to find the status of and resolve the pending charges" and, thus, argues that the delay is attributable to the State. (Appellant's Brief at 6). However, there is no indication in the record that the State was willfully blind to his location. *See Irish*, 2019-Ohio-2765, at ¶ 33 ("While [the defendant's location] could have been discovered by searching the [Ohio Department of Rehabilitation and Correction's] website, nothing in the record indicates that the State willfully refused to take appropriate steps to determine [his] precise location."). "R.C. 2941.401 does not require the state to exercise reasonable diligence to locate an incarcerated defendant or to act until a request for final disposition has been delivered." *Glanton* at ¶ 33, citing *State v. Hairston*, 2004-Ohio-969, ¶ 20-22. Here, the record indicates that Bernard filed a notice of place of

imprisonment and request for disposition pursuant to R.C. 2941.401 on February 5, 2024. The following day, the trial court scheduled an arraignment and filed an order of conveyance. Bernard was arraigned on March 13, 2024 and his case proceeded expeditiously thereafter. Accordingly, Bernard's argument that the delay is attributable to the State is rejected.

{¶16} The several years that lapsed between Bernard's awareness of the indictment filed against him and the filing of his notice pursuant to R.C. 2941.401 coupled with the State's inability to locate Bernard to serve him with the indictment also result in the third and fourth *Barker* factors weighing against Bernard. Specifically, he did not timely assert his right to a speedy trial, and he has not demonstrated prejudice. With respect to the lack of prejudice, we also find that Bernard was incarcerated on unrelated offenses, and although he contends that his awareness of the unresolved claims caused him anxiety, he nevertheless failed to file a notice with the trial court for an extended period of time. *See Irish* at ¶ 42 (finding no prejudice because the defendant "was not threatened with the prospect to oppressive pretrial incarceration [because] his liberty was already severely restrained" in an unrelated case).

{¶17} The balancing of the factors in the *Barker* analysis indicates that, even if Bernard had not waived his constitutional speedy-trial claim, he still has not demonstrated that his constitutional right to a speedy trial was violated.

{¶18} Thus, Bernard's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

***Judgment Affirmed***

**WILLAMOWSKI, and WALDICK, J. J., concur.**

Case No. 3-25-06

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
John R. Willamowski, Judge


_____
Juergen A. Waldick, Judge

DATED:
/jlm