[Cite as *Mansfield v. Rembert*, 2023-Ohio-3787.]

COURT OF APPEALS
MANSFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF MANSFIELD, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DANTE REMBERT, | : | Case No. 2023 CA 0007 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Mansfield Municipal
                             Court, Case No. 2022 CRB 03615


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            October 18, 2023


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

MIKE BROWN                               BRYON CORLEY
30 North Diamond Street                  3 North Main Street, Suite 602
Mansfield, Ohio 44902                    Mansfield, Ohio 44902

*Baldwin, J.*

**{¶1}** The appellant appeals his convictions of assault in violation of Mansfield Codified Ordinance 537.03 and disorderly conduct/intoxication in violation of Mansfield Codified Ordinance 509.03.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On October 21, 2022, Mansfield Police Department officers were called to the scene of an assault, and were met by the victim upon arrival. The victim had visible injuries to his left eye and face, and told the officers that the appellant had assaulted him without provocation. When officers attempted to speak with appellant he was uncooperative and displayed signs of intoxication. The officers observed the appellant's hands "to be swollen from where he hit" the victim. The appellant was arrested and transported to Richland County jail. Officers thereafter filed complaints against the appellant for assault and disorderly conduct/intoxication in violation of Mansfield Codified Ordinances 537.03 and 509.03.

**{¶3}** A bench trial was conducted on January 5, 2023, before a magistrate. The Magistrate's Decision finding the appellant guilty of both charges was filed on January 6, 2023. On January 12, 2023, the trial court issued a Judgment Entry in which it adopted the Magistrate's Decision and incorporated it into the Judgment Entry. The appellant did not file an objection to the Magistrate's Decision.

**{¶4}** On February 13, 2023, the appellant filed a Notice of Appeal together with a Praecipe in which he requested that the court reporter "prepare and transmit a complete transcript of the docket and of the Hearings/Trial … to the Court of Appeals for Richland County, Ohio, Fifth Appellate District, pursuant to the Notice of Appeal." The appellant also filed a Docketing Statement in which he indicated his probable issues for review as

"evidence issues." No mention is made of a failure to record the bench trial proceedings. The record indicates that the appellant did not discover the recording system malfunction until after filing his notice of appeal and related documents. The appellant did not submit a statement of the record pursuant to App.R. 9, nor did he provide a reason why he was unable to do so.

{¶5} The appellant filed a timely appeal, and sets forth the following sole assignment of error:

{¶6} "I. THE TRIER OF FACT ERRED IN NOT PROVIDING FOR A RECORDING OF THE PROCEEDINGS."

{¶7} The appellant argues that his conviction should be reversed due to the malfunction of the court's recording system and the resultant failure to record the proceedings. We disagree.

## ANALYSIS

{¶8} The appellant argues that the trial court's decision should be reversed because it failed to record the trial proceedings pursuant to Crim.R. 19. He attached to his Brief an Affidavit of Mansfield Municipal Court Administrator Jamie Schacherer, dated April 14, 2023, in which she attested to the fact that the trial court's recording system malfunctioned during the appellant's bench trial and, as a result, no transcript of the bench trial exists. He provides no further arguments in support of reversal, nor does he address his failure to object to the Magistrate's Decision.

{¶9} Crim.R. 19 addresses magistrates, and states in pertinent part:

**(D) Proceedings in Matters Referred to Magistrates.**

*        *        *

(3) *Magistrate's Decision; Objections to Magistrate's Decision.*

\*       \*       \*

(b) *Objections to Magistrate's Decision.*

(i) Time for Filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Crim. R. 19(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

\*       \*       \*

(iv) Waiver of Right to Assign Adoption by Court as Error on Appeal. Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim. R. 19(D)(3)(b).

The appellant failed to file objections to the magistrate's decision, and as such has waived his right to appeal issues connected with the magistrate's determination.

{¶10} The court in *State v. King,* 9th Dist. Medina No. 21CA0034-M, 2022-Ohio-1354, addressed a party's failure to file a motion to set aside a magistrate's order, and stated:

Criminal Rule 19(D)(2)(b) provides that "[a]ny party may file a motion with the court to set aside a magistrate's order." It further provides that "[t]he

motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed." *Id.* If a party does not file a motion to set aside a magistrate's order, then that party forfeits the issue for purposes of appellate review. *See In re L.B.S.*, 9th Dist. Wayne Nos. 18AP0007, 18AP0010 2019-Ohio-3312, ¶ 53 (applying the analogous Juvenile Rule and holding that the appellant forfeited her argument on appeal because she did not file a timely motion to set aside the magistrate's order); *Smith v. Smith*, 10th Dist. Franklin No. 18AP-190, 2019-Ohio-114, ¶ 10 (collecting cases and applying the analogous Civil Rule); *see also State v. Lawson*, 9th Dist. Medina No. 16CA0081-M, 2018-Ohio-694, ¶ 15, quoting *State v. Jacobs*, 9th Dist. Summit No. 26667, 2013-Ohio-3797, ¶ 8 (acknowledging this Court's "repeated" holding that this Court "reviews the actions of the trial court, not the actions of the magistrate.").

Here, Mr. King did not file a motion to set aside the magistrate's order that denied his motion for a continuance. Nor did he file objections to the magistrate's decision. Instead, Mr. King filed a notice of appeal 11 days later. While a party that fails to object to a magistrate's decision can still argue plain error on appeal, Mr. King did not argue plain error in his merit brief. *See* Crim.R. 19(D)(3)(b)(iv) (providing that, except for a claim of plain error, a party forfeits appellate review of an issue unless the party files objections to the magistrate's decision within 14 days of its issuance); *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7, citing App.R. 16(A)(7) ("An appellant has the burden of demonstrating error on

appeal."); *Helms v. Summit Cty. Combined Gen. Health Dist.*, 9th Dist. Summit No. 28554, 2017-Ohio-7915, ¶ 5 ("This Court * * * does not consider arguments that are made for the first time in a reply brief."). Mr. King, therefore, has forfeited this issue for purposes of appellate review and we decline to address it further. *In re L.B.S.* at ¶ 53. Mr. King's assignment of error is overruled.

*Id.* at ¶¶7-8.

**{¶11}** The appellant failed to object to the magistrate's decision and has not argued plain error in his merit brief, and his assignment of error is overruled.

**{¶12}** Furthermore, the failure to record proceedings is not inherently prejudicial in light of App.R. 9, which provides in pertinent part:

**(C) Statement of the Evidence or Proceedings When No recording Was Made, When the Transcript of Proceedings Is Unavailable, or When a Recording Was Made But Is No Longer Available for Transcription.**

(1)    If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments

shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

(2) In cases initially heard in the trial court by a magistrate, a party may use a statement under this division in lieu of a transcript if the error assigned on appeal relates solely to a legal conclusion. If any part of the error assigned on appeal relates to a factual finding, the record on appeal shall include a transcript or affidavit previously filed with the trial court as set forth in Civ.R. 53(D)(3)(b)(iii), Juv.R. 40(D)(3)(b)(iii), and Crim.R. 19(D)(3)(b)(iii).

**{¶13}** In this case, the appellant has neither offered an App.R.9(C) statement, nor has he explained why he was unable to do so. The court in *Cleveland v. McGervey,* 8th Dist. Cuyahoga No. 110770, 2022-Ohio-3911, addressed a similar issue, and stated in pertinent part:

. . . Ohio courts have recognized that the reversal of convictions and sentences on grounds of unrecorded proceedings will not occur in situations where

"the defendant has failed to demonstrate that (1) a request was made at trial that the [proceedings] be recorded or that objections were made to the failures to record, (2) an effort was made on appeal to comply with App.R. 9 and to reconstruct what occurred or to establish its importance, and (3) material prejudice resulted from the failure to record the proceedings at issue."

*State v. Beltowski*, 11th Dist. Lake No. 2006-L-032, 2007-Ohio-3372, 2007 WL 1881497, ¶ 14, quoting *State v. Palmer*, 80 Ohio St.3d 543, 554, 687 N.E.2d 685 (1997); *State v. Foster*, 3d Dist. Union No. 14-20-17, 2021-Ohio-3408, 2021 WL 4436972, ¶ 42.

*Id.* at ¶21.

**{¶14}** The court went on to state:

. . . we recognize that "the importance to meaningful appellate review of a complete, full, and unabridged transcript of the trial proceedings is well-established." *State v. Walton*, 2d Dist. Montgomery No. 20615, 2006-Ohio-1974, 2006 WL 1047467, ¶ 13, citing *State ex rel. Spirko v. Judges of the Court of Appeals*, 27 Ohio St.3d 13, 17-18, 501 N.E.2d 625 (1986). Nevertheless, recording equipment is not infallible and is subject to unanticipated malfunctions. For this reason, " '[t]he failure of recording equipment in the trial court does not result in prejudice per se.' " *Beltowski*, 11th Dist. Lake No. 2006-L-032, 2007-Ohio-3372, at ¶ 30, quoting *State v. Ward*, 4th Dist. Gallia No. 03CA2, 2003-Ohio-5650, 2003 WL 22413424, ¶ 28, citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978), syllabus; *see also Palmer*, 80 Ohio St.3d at 554, 687 N.E.2d 685. Rather, it is incumbent upon Defendant to demonstrate how incompleteness in the record precludes effective appellate review. A general assertion that this is so will not suffice. Defendant must demonstrate that effective review will be precluded, and that prejudice will result from the incompleteness of the record. *State v. Williams*, 73 Ohio St.3d 153, 652 N.E.2d 721 (1995). Absent

an indication that Defendant has been prejudiced by the absence of items from the record, reversible error has not been demonstrated. *Id.*

*Walton* at ¶ 13.

*Id.* at 24.

**{¶15}** While the defendant in *McGervey* demonstrated that she tried but was unable to comply with App.R. 9(C), the appellant herein has made no such showing. Recording equipment is not infallible, and is subject to unanticipated malfunctions. The mere fact that the recording equipment failed does not, in and of itself, constitute reversible error, particularly in light of App.R. 9(C).

**{¶16}** Based upon the foregoing, we find the appellant's sole assignment of error to be without merit. The appellant's assignment of error is overruled, and the decision of the Mansfield Municipal Court is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.