[Cite as *State v. Murphy*, 2025-Ohio-4713.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

CASE NO. 10-25-05

    PLAINTIFF-APPELLEE,

v.

JUSTIN D. MURPHY,

**OPINION AND JUDGMENT ENTRY**

    DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 23-CRM-037

**Judgment Affirmed**

**Date of Decision: October 14, 2025**

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Peter Galyardt* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Justin Murphy ("Murphy") brings this appeal from the judgment of the Court of Common Pleas of Mercer County finding him guilty of one count of Failure to Register as a Sex Offender. On appeal, Murphy challenges 1) the pretrial delay, 2) the denial of his motion to withdraw his guilty plea, 3) the trial court's failure to comply with criminal rule 43, and 4) the effectiveness of his trial counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On September 18, 2009, Murphy was convicted of unlawful sexual conduct with a minor. As a result, Murphy was required to register as a sexual offender. On March 9, 2016, Murphy was convicted for failing to comply with his registration requirements. On March 16, 2023, the Mercer County Grand Jury indicted Murphy on one count of failure to register in violation of R.C. 2950.04(E) and 2950.99(A)(1)(b)(iii), a felony of the third degree. Murphy was arrested on March 17, 2023. Counsel was appointed for Murphy and he subsequently entered a plea of not guilty. On September 25, 2023, Murphy filed a motion for a continuance. However, counsel withdrew the motion on October 12, 2023, due to the scheduling conflict having been resolved.

{¶3} On October 25, 2023, the State filed a motion to continue the jury trial that had been scheduled for November 6-7, 2023. The basis for the motion was that a necessary witness would be unavailable for 4-6 weeks. The State also requested that Murphy's speedy trial time be tolled. No objection to the continuance or the tolling of the time was raised by Murphy. The trial court then granted the motion without objection and a new trial date of December 12-13, 2023, was set. On December 6, 2023, Murphy filed a motion for a competency evaluation to determine Murphy's ability to assist in his own defense. That same day, counsel for Murphy filed a motion to continue the trial. The trial court granted both motions after a hearing on December 7, 2023.

{¶4} Following the evaluation, the trial court held a competency hearing. The trial court held that Murphy was competent to stand trial. Murphy then filed a motion to hire an expert to assist in his defense on April 14, 2024. On April 30, 2024, Murphy filed a motion to modify bond noting that he had been incarcerated pending trial for over 400 days. The State filed its memorandum in opposition on the same day. The trial court denied the motion to modify bond, but specifically addressed the length of detention. The trial court noted that while this case was pending, Murphy was facing "felony criminal trials in Van Wert County, Ohio on two (2) separate occasions. Moreover the matter is now set for trial to commence July 15, 2024, within [Murphy's] 'speedy' time for trial given the various tolling events." Doc. 158 at 2.

{¶5} On May 17, 2024, Murphy agreed to enter a guilty plea to a bill of information containing two counts of failure to register in violation of R.C. 2950.04(E), 2950.99(A)(1)(a)(ii), both felonies of the fourth degree and the State agreed to dismiss the original indictment. As part of the plea agreement, Murphy agreed to waive his "right to a *speedy* public trial". Plea Agreement (emphasis added). After a hearing where the trial court addressed Murphy and they discussed the rights he was waiving, the trial court accepted the guilty pleas. The sentencing hearing was set for June 18, 2024, and the bond was modified to release Murphy on his own recognizance. However, on the day of the sentencing, Murphy did not appear and the State notified the trial court that Murphy had removed his ankle monitor. Counsel for Murphy informed the court that at Murphy's request, he was filing a motion to withdraw the guilty plea and a motion to withdraw as counsel. The trial court granted counsel's motion to withdraw and appointed new counsel for Murphy.

{¶6} A hearing on Murphy's motion to withdraw his guilty plea was held on November 13, 2024, approximately a month and a half after Murphy was arrested for failure to appear for his sentencing. The trial court denied the motion to withdraw the guilty plea on January 28, 2025. The sentencing hearing was held on January 30, 2025. Murphy appealed from these judgments and on appeal raised the following assignments of error.

**First Assignment of Error**

**The trial court's failure to comply with Crim.R. 43 resulted in its failure to enable an accurate record for appellate review of his plea and sentence.**

**Second Assignment of Error**

**The trial court abused its discretion when it overruled Murphy's motion to withdraw his guilty plea.**

**Third Assignment of Error**

**By allowing this case to last 428 days the trial court violated Murphy's constitutional right to a speedy trial.**

**Fourth Assignment of Error**

**Murphy's trial counsel was ineffective for failing to move to dismiss this case because of the violation of his constitutional right to speedy trial.**

*Failure to Comply with Criminal Rule 43*

{¶7} In his first assignment of error, Murphy claims that the trial court did not comply with Criminal Rule 43 when it required him to appear remotely for court proceedings. Specifically he argues that the trial court did not 1) obtain his consent before proceeding, 2) give the appropriate notice to the parties, or 3) inform Murphy how to communicate privately with counsel. A review of the record shows that Murphy did not object to the alleged failures by the trial court. Thus, we will review them using a plain error standard. *State v. Howard*, 2012-Ohio-4747, ¶ 7 (2d Dist.) (holding that failure to object to violations of Crim.R. 43 waives all but plain error). "Under this standard, the defendant bears the burden of 'showing that but for a plain

or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice.'" *State v. West*, 2022-Ohio-1556, ¶ 22 quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 16.

{¶8} Criminal Rule 43 requires that a defendant "must be physically present at every stage of the criminal proceeding . . . unless otherwise provided by these rules." Crim.R. 43(A).

> (2) Notwithstanding the provisions of division (A)(1) of this rule, the court may permit the remote presence and participation of a defendant if all of the following apply:
>
> (a) The court gives appropriate notice to all the parties;
>
> (b) The video arrangements allow the defendant to hear and see the proceeding;
>
> (c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;
>
> (d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately. Counsel shall be permitted to appear with defendant at the remote location if requested.
>
> (e) The proceeding may involve sworn testimony that is subject to cross examination, if counsel is present, participates, and consents.
>
> (3) A court may conduct a trial by jury, a trial to the court, a sentencing proceeding or other substantive proceeding with a defendant appearing remotely if the defendant has waived in writing or orally on the record the right to be physically present and agreed to appear by remote presence in accordance with division (A)(2) of this rule subject to the approval of the court.

Crim.R. 43. "An accused's absence, however, does not necessarily result in prejudicial or constitutional error." *State v. Davis*, 2008-Ohio-2, ¶ 90.

{¶9} Murphy initially argues that the record fails to show that he agreed to appear remotely or that he was instructed how to communicate privately with counsel as required by Crim.R. 43(A)(2)(a) and (d). Appellant's Brief at 4. A review of the record shows that the trial court did fail to comply with Crim.R. 43(A)(2)(a) and (d). However, no objection to these failures were made during any of the hearings regarding these errors. "A violation of Crim.R. 43 is not a structural error and can constitute harmless error where the defendant suffers no prejudice." *State v. Wood*, 2020-Ohio-4251, ¶ 22 (5th Dist.).

{¶10} Murphy alleges that he "was prejudiced in that appearing remotely prevented an adequate record from being perfected for appeal." Appellant's Brief at 3. Murphy argues that since the court reporter identified numerous statements as "unintelligible" in the transcripts, a reviewable record was not created. However, the mere fact that a transcript contains testimony marked as "unintelligible" is not inherently prejudicial. *State v. Beltowski*, 2007-Ohio-3372 (11th Dist.). This is especially true in light of App.R. 9(C), which permits an appellant to prepare a statement of the evidence to supplement the record if the transcript fails to completely reflect what occurred in the trial court. *Id*. at ¶ 9. Such a remedy is not limited to circumstances when no transcript is available, but also includes situations,

such as is alleged here, where portions of the transcript were inaudible or unintelligible. *Id*.

**{¶11}** Here, there is no indication that Murphy attempted to avail himself of the procedures set forth in App.R. 9. "[I]t is incumbent upon [an appellant] to demonstrate how incompleteness in the record precludes effective appellate review." *State v. Walton*, 2006-Ohio-1974, ¶ 13 (2d Dist.). Merely asserting this to be the case is not sufficient. *Id*. By failing to attempt to rectify the unavailable portions of the transcript by using the procedures set forth in App.R. 9, Murphy has failed to demonstrate that effective appellate review cannot occur and that he will thus be prejudiced. *Mansfield v. Rembert*, 2023-Ohio-3787, ¶ 12-13 (5th Dist.). As there has been no showing of prejudice, Murphy has failed to establish that plain error occurred. The first assignment of error is overruled.

*Motion to Withdraw Guilty Plea*

**{¶12}** Murphy's second assignment of error alleges that the trial court erred by denying his motion to withdraw his guilty plea.

> A presentence motion to withdraw a guilty plea should be freely and liberally granted. . . . A defendant does not, however, have an "absolute right" to withdraw his or her plea, even when a motion to withdraw is made before sentencing. . . . Before ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea. . . . The determination whether there is a reasonable and legitimate basis for the defendant's request to withdraw his plea is "within the sound discretion of the trial court." . . . Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed.

*State v. Barnes*, 2022-Ohio-4486, ¶ 13 (internal citations omitted).

**{¶13}** When reviewing a denial of a motion to withdraw a guilty plea prior to sentencing, appellate courts generally consider nine factors. *State v. Edwards*, 2023-Ohio-3213, ¶ 7 (3d Dist.). These factors are as follows:

> 1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges.

*State v. Bingham*, 2019-Ohio-3324 (3d Dist.). We note that these factors are not applicable in a situation where the defendant becomes aware of new evidence that would have affected the decision to enter a guilty plea. *See Barnes*. This exception does not apply here as there is no claim of new evidence. As a result, the nine-factor analysis will be used. *Edwards* at ¶ 19. This analysis was also used by the trial court.

**{¶14}** The first factor is whether granting the withdrawal will prejudice the prosecution. For this factor, both the State and the trial court determined that there would be no prejudice by allowing Murphy to withdraw his guilty plea.

**{¶15}** The second factor is the representation afforded by counsel. The trial court reviewed the billing records of counsel and determined that counsel zealously

represented Murphy. At the change of plea hearing, Murphy indicated that he was happy with counsel's representation and that he had no complaints. Murphy first complained about counsel's representation when he filed his motion to withdraw his guilty plea, claiming that counsel had failed to investigate his claims about exculpatory evidence being on his cell phone. The trial court found this claim to be without merit. A review of the record shows that counsel hired an expert to examine the information on the cell phone. Thus, the record supports the findings of the trial court.

{¶16} In the third factor, the court must consider whether the trial court fully complied with Criminal Rule 11. At the change of plea hearing in this case, the trial court engaged Murphy in a thorough Criminal Rule 11 colloquy. In addition, the rights being waived by Murphy were discussed in detail in the change of plea agreement signed by Murphy.

{¶17} The fourth factor is the extent of the hearing on the motion to withdraw the plea. A hearing on the motion was held on November 13, 2024. Murphy was permitted to testify at that hearing. Both the State and counsel for Murphy were permitted to argue their positions on whether the motion should be granted.

{¶18} The fifth factor is whether the trial court gave full and fair consideration to the motion. Here, the motion was filed and both sides were given the opportunity to file briefs on the motion. Between the time of the original filing of the motion and the hearing, new counsel was appointed by the trial court for

Murphy. The trial court granted a continuance to allow counsel to have additional time to review the case and file any other motions desired. The hearing on the motion was held on November 13, 2024. The trial court did not rule upon the motion until January 28, 2025. The trial court's judgment entry was very detailed and showed a full consideration of the law and the facts of this case.

{¶19} For the sixth factor, the court must consider whether the timing of the motion was reasonable. The original motion to withdraw the guilty plea was filed on the day sentencing was scheduled. The motion was filed by counsel pursuant to a request made by Murphy to his counsel despite Murphy failing to appear for sentencing. Despite this, the trial court determined that the timing of the motion was reasonable

{¶20} The seventh factor is the reasons for the motion. Murphy claimed that his plea was not voluntary as he would have done anything to obtain bond and visit his dying mother. Thus, Murphy claimed he was under emotional duress. Murphy also alleged in his motion that he was innocent and that the phone records would have cleared him of the offenses. A review of the record shows that the trial court specifically asked Murphy if he was agreeing to the change of plea merely because he wished to be released on bond to see his mother.

> The Court: Now, there was some conversations in front of me in chambers that the State is going to modify its bond position, should this plea go through today. Do you understand that?
>
> Mr. Murphy: Yes, Your Honor.

The Court: Now, it is perfectly acceptable for you to factor in to your thought process being out on bond. There is nothing wrong with that, okay? But it cannot be the reason that you're pleading guilty. You need to be pleading guilty, because you have made a decision that you're not going to contest the State's ability to prove these allegations, and that this is the negotiation, if you want to go forward with, and you're guilty of them. If you're only doing this to get out on bond, I can't accept your plea. Do you understand that?

Mr. Murphy: I do, Your Honor.

The Court: It's, again, perfectly acceptable that it's one factor in there. It just can't be the factor. Got it?

Mr. Murphy: Yes.

. . .

The Court: Okay. So are you pleading in fact guilty to these offenses because you're guilty, or are you because you want to get out on bond?

Mr. Murphy: Your Honor, I was in here for over a year (unintelligible). It's time to take responsibility for my actions or the lack thereof in this case, so it's not because of bond (unintelligible) like that. It's because it's time to (unintelligible) and it's time to take responsibility for my actions.

Change of Plea Hearing, 15-16. These statements of Murphy contradict his later statements saying he only entered the guilty plea to obtain bond. The trial court did not abuse its discretion by finding the earlier statements to be more credible.

{¶21} Murphy also alleged that his phone records would have proved his innocence. However, the records show that counsel for Murphy had an expert review the contents of the cell phone. The record contains no information that supports Murphy's claim that the records were exculpatory.

{¶22} In the eighth factor, the issue is whether the defendant understood the nature of the charge and the potential sentence. A review of the record shows that the trial court clearly discussed the offenses and the potential sentences at the change of plea hearing. When asked if he understood, Murphy repeatedly stated that he did. The change of plea agreement signed by Murphy also explained the charges and the potential sentences.

{¶23} Finally, the court must consider whether the accused was perhaps not guilty or had a complete defense to the charge. A review of the record contains no evidence that Murphy did not commit the offenses for which he was charged. Thus, the trial court's determination that this factor does not benefit Murphy is supported by the record.

{¶24} Murphy failed to provide the trial court with a reasonable or legitimate basis for granting the motion to withdraw the guilty plea. Without more than what was alleged, there is not sufficient justification to require the withdrawal of the guilty plea. Having examined the evidence in the record under the applicable nine-factor analysis, this Court does not conclude that the trial court abused its discretion in denying Murphy's motion to withdraw his guilty plea. The second assignment of error is overruled.

*Speedy Trial*

{¶25} Murphy claims in his third assignment of error that the trial court erred by violating his constitutional right to a speedy trial. A defendant is guaranteed the

right to a speedy trial by the Sixth and Fourteenth Amendments to the United States Constitution. Additionally, a defendant has statutory speedy trial rights which are coextensive with the constitutional speedy trial provisions. *State v. King*, 70 Ohio St.3d 158, 160 (1994). However, a defendant may waive the right to a speedy trial as long as it is knowingly and voluntarily made. *Barker v. Wingo*, 407 U.S. 514, 529 (1972). "[A] defendant, by entering a guilty plea, generally waives both the statutory and the constitutional right to a speedy trial." *State v. Glanton*, 2020-Ohio-834, ¶ 26 (6th Dist.), *but see State v. Kutkut*, 2013-Ohio-1442 (8th Dist.).

{¶26} In this case, Murphy entered guilty pleas. As part of the guilty plea, Murphy signed a waiver of constitutional rights which contained the following relevant statement.

> The above information has been given to me, however, I further recognize that I have certain *constitutional* rights that are set forth below and by signing this instrument I hereby waive these rights:
>
> 1. The right to a *speedy* public trial by jury if I so desire.

Waiver of Constitutional Rights at 1 (emphasis added). Additionally, it should be noted that at no point prior to the change of plea did Murphy file a motion to dismiss for failure to comply with his constitutional rights.[1] Since the matter was waived, the trial court did not violate Murphy's constitutional right to a speedy trial.

---

[1] The issue of the length of time Murphy had been incarcerated while this case was pending was raised in a motion to modify bond. It was not raised as a question of speedy trial.

-14-

{¶27} Even if this Court were to find that the matter was not waived, the record does not support a finding that Murphy's rights were violated. A review of an alleged constitutional right to a speedy trial presents a mixed question of law and fact. *State v. Long*, 2020-Ohio-5363. We defer to the trial court's factual findings as long as they are supported by competent, credible evidence, but we review the application of the law to those facts de novo. *Long* at ¶ 15.

> To determine whether there has been a denial of a defendant's constitutional right to a speedy trial, the court considers four factors identified in *Barker* [*supra*]: "(1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant." . . . No single factor controls the analysis, but the length of the delay is important. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." . . . Generally, a delay that approaches one year is presumptively prejudicial.

*Id*. at ¶ 14. When reviewing the constitutional speedy trial claim, the statutory time requirements set forth in R.C. 2945.71 to R.C. 2945.73 are irrelevant. *State v. Slater*, 2023-Ohio-608, ¶ 16 (8th Dist.).

{¶28} This court notes that from the time of arrest to the date the change of plea was entered was 428 days. As this exceeds one year, it is presumptively prejudicial. Thus, the first *Barker* factor weighs in Murphy's favor and triggers continued analysis. *Long* at ¶ 14.

{¶29} The next consideration is the reason for the delays. Here, some of the delay is attributable to Murphy's filing of a motion for a competency evaluation,

motion for a continuance, and his motion for appointment of an expert witness. This Court notes that the record shows that there was a long delay between arrest (March 17, 2023) and the first tolling event (September 25, 2023), which resulted in 191 days without any explanation for the delay. From the record it appears that both Murphy and the State bear responsibility for the delay, thus this factor favors neither Murphy nor the State.

{¶30} The third consideration is whether Murphy asserted his right to a speedy trial. Since Murphy never moved for dismissal or asserted his right to a speedy trial, this consideration weighs strongly against him. The "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker, supra* at 532. "Although the right to a speedy trial is provided by the Constitution for all persons accused of crimes, such right must be urged, and the failure to so urge it will constitute a waiver thereof." *Crider v. Maxwell*, 174 Ohio St. 190, 192 (1963). Although Murphy did mention the delay in his motion to modify his bond, he was not complaining about the delay, but rather the fact that he was not granted release on his own recognizance.

{¶31} Finally, we must consider the prejudice to Murphy, particularly the possibility that the delay impaired the defense. A review of Murphy's brief does not indicate that his ability to prepare a defense was prejudiced by the delay in bringing this matter to trial. Murphy's only claim of prejudice is that he was unable to spend time with his sick mother because he could not make bail. This basis does

not indicate that the ability to prepare a defense was impaired.  Thus this factor does not weigh in his favor.

**{¶32}** Balancing the factors raised in *Barker*, we find no violation of Murphy's constitutional right to a speedy trial.  The third assignment of error is overruled.

*Ineffective Assistance of Counsel*

**{¶33}** In the fourth assignment of error, Murphy claims that that his counsel was ineffective for failing to raise the speedy trial issue.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, . . . had a fair trial and substantial justice was done." . . .  When making that determination, a two-step process is usually employed.  "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client.  Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." . . .
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.

*State v. Calhoun*, 1999-Ohio-102 at page 289 (internal citations omitted).  "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, ¶ 20 (3d Dist.).  "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result

of the proceeding would have been different." *State v. Conway*, 2006-Ohio-2815, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 2016-Ohio-5487, quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

{¶34} Here, Murphy claims counsel was ineffective for failing to raise a speedy trial issue before the trial court. This Court has already determined that there was no speedy trial violation. Thus, there is no reasonable probability that the outcome of the proceeding would have been different if the matter had been brought to the attention of the trial court in a motion to dismiss. In fact, the trial court addressed the extended detention issue in its ruling on the motion to modify bond and determined it was without merit. Since this dealt with the pretrial delay, there is no reason to believe that the trial court would have ruled differently if the same issue was raised in a motion to dismiss. As there was no prejudice shown, the fourth assignment of error is overruled.

{¶35} Having found no error prejudicial to appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Mercer County is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
John R. Willamowski, Judge


_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge

DATED:
/hls